UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SHERRY WALKER,

    Plaintiff,

v.                                                  Case No. _____

CHILDREN'S HOSPITAL OF WISCONSIN,

    Defendant.

## COMPLAINT

### I. NATURE OF ACTION

1. This action is brought to remedy discrimination on the basis of a perceived disability, including but not limited to being regarded as an individual with a disability or disabilities, in the terms, conditions, and privileges of employment protected by Americans with Disabilities Act, as amended (ADAAA), 42 U.S.C. § 12101, *et seq.* and the Rehabilitation Act of 1973, 29 U.SC. § 791, *et seq.* This action is also brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., the Civil Rights Act of 1871, as amended, 42 U.S.C. § 1981.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 1331, 1337, 1339, and 1343. Jurisdiction over the plaintiff's claims under Title VII of the Civil Rights Act of 1964 is conferred on this court by 42 U.S.C. § 2000e-5(f)(3). This action is authorized and instituted pursuant to Section 501 of the Rehabilitation Act of 1973 (as

1

amended) 29 U.S.C. § 791, which incorporates by reference Title I of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. §§ 12201 et seq., and the provisions of sections 501 through 504, and 410 of the ADA, 42 U.S.C. §§ 12201, et seq., the ADA Amendments Act of 2008 (ADAAA), 42 U.S.C § 12101, et seq., and by the Rehabilitation Act, 29 U.S.C. § 794a, which incorporates by reference Sections 706(f) through 706(k) of Title VII of the Civil Rights Act of 1964 ("Title VII"). The right to file in United States District Court is also appropriate pursuant to 29 C.F.R. §1614.407. Jurisdiction over the plaintiffs' claims under the Civil Rights Act of 1871, as amended, is conferred on this court by 28 U.S.C. § 1331.

3. Venue in this Court is appropriate pursuant to 29 U.S.C. § 1391(b) and (c) because the employment practices involved in this dispute occurred in Milwaukee County, Wisconsin, and thus venue is proper in the Eastern District of Wisconsin.

### III. PARTIES

4. Plaintiff Sherry Walker was an employee of Children's Hospital of Wisconsin, beginning September 29, 2014 through May 6, 2016, and is currently a resident of Brown Deer, Wisconsin.

5. Defendant Children's Hospital of Wisconsin is an employer within the meaning of the ADAAA and Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1983 and has the capacity to sue and be sued in this Court; upon information and belief, Children's Hospital is the recipient of federal funds for some or all of its programs.

### IV. ADMINISTRATIVE PROCEEDINGS

6. Walker has timely and fully complied with prerequisites for administrative exhaustion required for jurisdiction in this court and thus all conditions precedent to this

2

lawsuit within the meaning of Rule 9(c) of the Fed. R. Civ. Pro. have been performed, have otherwise occurred or are about to occur shortly.

## V. FACTS

7. From September 29, 2014 to May 2016, Walker was employed as a Performance Analytics Intelligence Analyst in the Strategic Planning Department with Children's Hospital of Wisconsin.

8. Walker's duties included creating environmental scans to generate reports on competitor market share and medical specialty service lines; monitoring and improving the reliability and validity of data used for decision making as related to the expansion of programs and facilities; analyzing reports for Epic, PHIS, Decision Support, Midas and IDX; assisting medical staff and senior management in developing data standards and requirements for health clinic programs; and assisting with the development of performance and quality measures for health specialty programs

9. In or about January 2015, Walker began experiencing workplace harassment from coworkers, including but not limited to Shelly Kernan and Barbara Olewski, two white women who worked in the same department, and supervisor Lisa Vande Yacht.

10. The harassment took the form of derogatory comments, unfounded rumors, tampering with Walker's projects and materials, and inaccurate claims that Walker had accused other coworkers of misconduct, taking place on at least weekly basis from January 2015 to May 2016.

3

11. In or about May 2015, Walker brought the issues to the attention of Chief Administrative Officer Robert Sanders, and requested a transfer, which Sanders did not grant, citing Walker's positive performance and contributions.

12. In or about July 2015, Walker brought the issues to the attention of Human Resources staff, including Lisa Vande Yacht and Christine PrudHomme, and requested intervention in order to prevent such harassment in the future.

13. Specifically, Walker made such requests in person-to-person spoken communication with Vande Yacht and in spoken and email communication with PrudHomme.

14. On information and belief, from July 2015 to April 2016, Vande Yact and PrudHomme took no action to address Walker's harassment allegations and did not inform Walker that they had taken any such action.

15. In April 2016, Vande Yacht referred Walker for services at Children's Hospital's Employee Assistance Program (EAP), in an apparent effort to address Walker's allegations of harassment.

16. On April 27, 2016, Vande Yacht contacted Walker via email concerning pending enrollment in the EAP and suggested that Walker's harassment allegations were "disruptive" and "hurt team cohesion and morale."

17. On or about April 28, 2016, Walker agreed to the mandatory EAP referral.

18. From April 28, 2016 to May 5, 2016, Walker and Children's Hopsital supervisors, including Vande Yacht, exchanged messages concerning EAP provider Empathia, Inc.'s "Authorization for Disclosure of Protected Health Information"

4

(Authorization), with senior members of Children's Hospital management copied on the exchange.

19. Walker expressed specific concerns with some of the disclosure requirements contained in the Authorization, and indicated that she was unwilling to consent to some of them.

20. On information and belief, as well as review of the Authorization, Walker's execution of the Authorization was not required for her to receive EAP services.

21. From April 27, 2016 to May 4, 2016, Vande Yacht informed Walker she would be terminated if she did not complete the Authorization as demanded.

22. On May 6, 2016, Walker was terminated from her employment with Children's Hospital.

23. On information and belief, Walker is unaware of any of her alleged harassers being required to enroll in EAP counselling.

24. On information and belief, Walker is unaware of any of her alleged harassers being terminated for refusal to complete the EAP authorization in a particular manner.

25. On information and belief, Walker is unaware of any comparable white employees being required to enroll in EAP counselling from January 2015 to May 2016.

26. On information and belief, Walker is unaware of any comparable white employees being terminated for refusal to complete an EAP authorization in a particular manner from January 2015 to May 2016, or during any other period of time.

27. On information and belief, Walker is unaware of any comparable white employees being required to enroll in mandatory EAP counseling absent deficiencies in work product, attendance, punctuality or personal grooming.

28. On information and belief, Walker is unaware of any comparable white employees being required to enroll in mandatory EAP absent prior informal or formal discipline.

## VI. VIOLATIONS OF LAW

29. Walker alleges that Defendant Children's Hospital of Wisconsin, and its relevant agents and supervisors, acted without regard to Walker's rights as guaranteed under the Americans with Disabilities Act, as amended, the Rehabilitation Act, as amended, Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. § 1981 by, among other acts, discriminating against Walker in the terms and conditions of employment, such as requiring Walker to attend EAP therapy, imposing conditions upon that therapy while neither requiring therapy nor imposing conditions for comparable white employees and/or employees who were not perceived to have a mental disability, and in terminating Walker from employment.

## VII. DAMAGES AND EQUITY

A. Damages

25. By virtue of Defendant's unlawful actions, Walker has sustained lost wages, future lost earning capacity, physical, mental and emotional distress, community humiliation and loss of reputation, for all of which she seeks compensatory damages in amounts deemed just by the Court.

6

B. Equity

26. For some of her injuries, Walker has no plain, adequate or speedy remedy at law and thus she invokes the Court's equitable jurisdiction to award declaratory and injunctive relief against the Defendant. This shall include, but not be limited to, an order that Walker be reinstated.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Walker demands judgment awarding her back pay, front pay, and any other compensatory damages in amounts deemed just by the Court, make-whole equitable relief, and the reasonable costs and expenses of this action including a reasonable attorney's fee, as well as such other and further relief as may be just. This shall include, but not be limited to, an order that Walker be reinstated.


Date: April 24, 2017

s/ John Leppanen

Attorney John Leppanen
SBN: 1093787

Law Office of Arthur Heitzer
633 W. Wisconsin Ave., Suite 1410
Milwaukee, WI 53203-1918
(414) 273-1040 x 15
(414) 273-4859 FAX
leppanenlaw@gmail.com

ATTORNEY FOR THE PLAINTIFF

7