Gmail

# Consent/Refusal for judge

**SH WA** <harmwalk.svon@gmail.com>                                        Thu, Apr 5, 2018 at 2:16 PM
To: John Leppanen <leppanenlaw@gmail.com>
Cc: SH WA <harmwalk.svon@gmail.com>

John,

It has come to my attention that you failed to consent to the case being heard by Magistrate Judge David E Jones.

On April 25, 2017, The text only order was signed by Magistrate Judge David E Jones, you were told to respond within 45 days of the order. You failed to respond.

On May 18, 2017 , A second notice was sent requesting consent/refusal form to Magistrate Judge David E. Jones. Again you failed to respond.

On June 12, 2017, A third and final notice was sent requesting consent/refusal for to Magistrate Judge David E Jones. Again, you failed to respond.

On June 21, 2017, the case was reassigned to Judge Lynn Adelman, due to non-consent.

Could you let me know why you failed to respond to the court?

Thank You,

Sherry Walker

---

**John Leppanen** <leppanenlaw@gmail.com>                                  Thu, Apr 5, 2018 at 2:29 PM
To: SH WA <harmwalk.svon@gmail.com>

I misunderstood the communications at the time. I don't believe the reassignment to Judge Adelman has any negative bearing whatsoever on the case, and may in fact be helpful insofar as Judge Adelman is considered to be a left-leaning judge. I don't have any experience with Judge Jones.

In any case, if you would like to get a new lawyer as a result of this and any related dissatisfaction, that's fine.

The next relevant deadline is April 16, if you/we intend to call any expert witnesses. I will attempt to contact the person from the EAP today, in part to determine if his testimony would count as expert testimony, though I doubt he will want to testify, which would mean serving him with a subpoena.

Finally, I'm attaching a pdf invoice for time spent through March. You still have a significant amount of money in the trust account but I wanted to keep you in the loop regardless.
[Quoted text hidden]
--
John Leppanen
Law Office of Arthur Heitzer
633 W. Wisconsin Ave., Ste. 1410
Milwaukee, WI 53203
(414) 273-1040, ext. 15

**March 30 2018 Invoice.PDF**
13K

**SH WA** <harmwalk.svon@gmail.com>
To: tiajaymalcolm@att.net

His response is below.
[Quoted text hidden]

**March 30 2018 Invoice.PDF**
13K

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| SHERRY WALKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Case No. 17-CV-00583-LA |
| v. | ) | |
| | ) | |
| CHILDREN'S HOSPITAL OF WISCONSIN | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## CHILDREN'S HOSPITAL OF WISCONSIN'S
## SECOND SET OF REQUESTS TO PRODUCE DOCUMENTS

TO:    John Leppanen
       Law Office of Arthur Heitzer
       633 W. Wisconsin Ave., Suite 1410
       Milwaukee, WI 53203-1918

Pursuant to Fed. R. Civ. P. 34, Defendant Children's Hospital of Wisconsin requests that Plaintiff produce copies of all documents requested herein at the office of Quarles and Brady, LLP, 411 East Wisconsin Avenue, Suite 2350, Milwaukee, Wisconsin 53202, within thirty (30) days of service upon Plaintiff.

## DEFINITIONS

1.    Communication.  The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

2.    Document.  The term "document" is defined to be synonymous in meaning and equal in scope with the usage of this term in Rule 34 of the Federal Rules of Civil Procedure.  A draft or non-identical copy is a separate document within the meaning of this term.

3.    To Identify.

(i)    With Respect to Persons.  When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment.  Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

(ii)   With Respect to Documents.  When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s).

4.    Person.  The term "person" is defined as any natural person or any business, legal or governmental entity, or association.

5.    The terms "you" or "your" means Sherry Walker.

6.    The term "Complaint" means your Amended Complaint against Children's Hospital of Wisconsin, filed in the Eastern District of Wisconsin, 17-CV-00583-LA, together with any exhibits or attachments appended thereto.

## INSTRUCTIONS

1.    If you are unwilling to provide the requested information, totally or in part, with respect to any interrogatory or document, for example, but without limitation, because you claim it to be privileged, identify the privilege claimed and briefly state the grounds upon which the claim of privilege rests and delineate the information that is being withheld so that Respondent may meaningfully decide whether to move to compel production of that information.

2.    In answering these discovery requests, you are required to provide all information that is available to you or subject to your reasonable inquiry including, but not limited to, information in the possession of others whom you have provided information, if any, such as

- 2 -

QB\52714045.1

advisors or other persons directly or indirectly employed by, or connected with, you and anyone else otherwise subject to your control.

3.      In answering these discovery requests you must make a diligent search of your emails, social media accounts, records and of papers and materials in your possession or available to you or your representatives.

4.      If you cannot answer any discovery request in full, please answer to the extent possible, specify the reason for your inability to answer the remainder, and state whatever information and knowledge you have regarding the unanswered portion.

5.      These discovery requests are continuing and your responses must be supplemented to the maximum extent authorized by law and the applicable rules.

## **DOCUMENT REQUESTS**

1.      Produce a copy of your current resume.

2.      All communications between you and Maurice Thomas that relate to any of the allegations in your Complaint.

3.      The email or other communication wherein you were sent the document describing organized stalking that was marked as Exhibit 4 at your deposition.

4.      All communications between you and "Denise" as referenced in pages 218-19 of your deposition transcript.

5.      All records, whether in summary form or otherwise, evidencing any and all earnings or income you attained from May 6, 2016 to the present, whether such income was earned through employment or in any other form.

6.      All federal and state tax returns (including all attachments and schedules) filed by you, your spouse (if you are married), and any and all corporations, partnerships, or other business entities in which you or your spouse (if you are married) are a partner or have at least

QB\52714045.1

10% controlling interest, IRS Form W2s, paystubs, or IRS Form 1099s, that relate in any way to your income earned in the years 2016 through the present. If you do not have these documents in your possession, please inform us immediately and we will provide for your signature forms to obtain these documents from the IRS.

Dated: June 8, 2018

QUARLES & BRADY LLP

Christopher L. Nickels, State Bar No. 1083481
christopher.nickels@quarles.com
Michael J. Fischer, State Bar No. 1025617
mike.fischer@quarles.com
411 East Wisconsin Avenue, Suite 2350
Milwaukee, WI 53202-4426
414.277.5000

Attorneys for Defendant

QB\52714045.1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of Defendant's Second Set Requests to Produce Documents was on this 8th day of June, 2018, forwarded to the following via Email and U.S. First Class Mail:

John Leppanen
Law Office of Arthur Heitzer
633 W. Wisconsin Ave., Suite 1410
Milwaukee, WI 53203-1918
leppanenlaw@gmail.com


_____
Christopher L. Nickels

QB\52714045.1


# Questions

**SH WA** <harmwalk.svon@gmail.com>
To: John Leppanen <leppanenlaw@gmail.com>

Thu, Jun 28, 2018 at 6:32 AM

John,

I will have my questions to you this evening ...so you can submit them tomorrow.

I also got my W2 from Froedtert...I will scan that and send it along also.

I'm assuming you also have a list of questions that you will be sending.

Thanks,

Sherry

---

**John Leppanen** <leppanenlaw@gmail.com>
To: SH WA <harmwalk.svon@gmail.com>

Thu, Jun 28, 2018 at 11:43 AM

Thanks and sounds good. Once I've reviewed yours I'll supplement as I think is necessary and we'll send our requests off tomorrow or Monday.
[Quoted text hidden]
--
John Leppanen
Law Office of Arthur Heitzer
633 W. Wisconsin Ave., Ste. 1410
Milwaukee, WI 53203
(414) 273-1040, ext. 15

---

**SH WA** <harmwalk.svon@gmail.com>
To: John Leppanen <leppanenlaw@gmail.com>

Thu, Jun 28, 2018 at 6:05 PM

John,

Do we have until Monday? If so, I would like the weekend adding to what I have.

Let me know asap.
[Quoted text hidden]

---

**John Leppanen** <leppanenlaw@gmail.com>
To: SH WA <harmwalk.svon@gmail.com>

Thu, Jun 28, 2018 at 6:06 PM

Sure that's fine.

Sent from my iPhone

On Jun 28, 2018, at 6:05 PM, SH WA <harmwalk.svon@gmail.com> wrote:

John,

Do we have until Monday? If so, I would like the weekend adding to what I have.

Let me know asap.

On Thu, Jun 28, 2018 at 11:43 AM, John Leppanen <leppanenlaw@gmail.com> wrote:
Thanks and sounds good. Once I've reviewed yours I'll supplement as I think is necessary and we'll send our requests off tomorrow or Monday.

On Thu, Jun 28, 2018 at 6:32 AM, SH WA <harmwalk.svon@gmail.com> wrote:
John,

I will have my questions to you this evening ...so you can submit them tomorrow.

I also got my W2 from Froedtert...I will scan that and send it along also.

I'm assuming you also have a list of questions that you will be sending.

Thanks,

Sherry

--
John Leppanen
Law Office of Arthur Heitzer
633 W. Wisconsin Ave., Ste. 1410
Milwaukee, WI 53203
(414) 273-1040, ext. 15

---

SH WA <harmwalk.svon@gmail.com>                                    Mon, Jul 2, 2018 at 8:28 AM
To: John Leppanen <leppanenlaw@gmail.com>

John,

Below are some of the questions...you will have the rest in a couple of hours? Let me know if you have questions.

Does Childrens Hospital of Wisconsin have any affliation with the Medical College of Wisconsin? If so, please explain?

Does Childrens Hospital of Wisconsin have any affliation with Froedtert Hospital of Wisconsin? If so, please explain?

Does Childrens Hospital of Wisconsin have any affliation with Froedtert Hospital & Medical College of Wisconsin?

Did the defendant (Childrens Hospital of Wisconsin) at anytime before or on June 29, 2018, have any contact (phone, email, meetings of any kind) with any of Froedert and the Medical College of Wisconsin staff regarding the plaintiff (Sherry Walker).

Did any staff of Children's Hospital of Wisconsin contact any member of Froedtert & Medical College of Wisconsin staff regarding the plaintiff (Sherry Walker).

Did the defendant (Childrens Hospital of Wisconsin) at any time record (either by video or voice recorder) any meetings that took place between the plaintiff (Sherry Walker) and Lisa Vande Yacht and Christine Prud Homme?

Was Lisa Vande Yacht and Christine Prodhomme aware that any of the meetings with Sherry Walker were being recorded (either by video or voice recorder).

Did Childrens Hospital of Wisconsin ever reach out to any Law Enforcement Agency regarding the plaintiff Sherry Walker?

[Quoted text hidden]

---

**SH WA** <harmwalk.svon@gmail.com>                    Mon, Jul 2, 2018 at 1:05 PM
To: John Leppanen <leppanenlaw@gmail.com>
Cc: SH WA <harmwalk.svon@gmail.com>

John,

I dropped off some additional questions for you to submit.

Also below are a couple more.

Did Childrens Hospital of Wisconsin ever reach out to any Law Enforcement Agency regarding the plaintiff Sherry Walker? If so, what was the purpose?

If so, which law enforcement agency and to whom did you speak with regarding the plaintiff Sherry Walker?

What information did the defendant (Childrens Hospital of Wisconsin) obtain from any law enforcement agency regarding the plaintiff (Sherry Walker).

If information was obtained from any law enforcement agency regarding the plaintiff (Sherry Walker), to whom did the defendant (Children's Hospital of Wisconsin) share that information with? Please provide all individuals and companies this information was shared with.

**Please submit all questions and make sure you cc me on the email when you send this.**

[Quoted text hidden]

---

**SH WA** <harmwalk.svon@gmail.com>                    Tue, Jul 3, 2018 at 12:16 PM
To: John Leppanen <leppanenlaw@gmail.com>

John,

Did you submit my questions?
[Quoted text hidden]

---

**John Leppanen** <leppanenlaw@gmail.com>                    Tue, Jul 3, 2018 at 1:21 PM
To: SH WA <harmwalk.svon@gmail.com>

Sherry -

I'm going to format and send them in on the 5th, which is still 10 days ahead of when we need to serve them, so we're fine on time. Will be in touch via phone or email then too.
[Quoted text hidden]